HARDING COAL CO. v. POLLACK.

1. Constitutional Law—Violation of Property Rights—Municipal Corporations—Highways and Streets.
   In suit by property owner against city to enjoin maintenance of side track across alleys adjoining plaintiff's property, construction and maintenance of said siding, *held*, under proofs, not such use as violates plaintiff's property rights; he not being deprived of full beneficial use of said alleys.

2. Same—Alleys—Side Tracks.
   Under Constitution (article 8, § 28) giving city reasonable control of its streets, alleys, and public places, it has power to authorize construction of side track across alleys.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted June 11, 1930. (Docket No. 55, Calendar No. 35,045.) Decided October 3, 1930.

· Bill by Harding Coal Company, a Michigan corporation, against Morris Pollack and others, to enjoin defendants from disturbing a side track. Crossbill by defendant Pollack against plaintiff and city of Detroit to enjoin maintenance of the side track. From a decree for plaintiff, defendant Pollack appeals. Affirmed.

*Vandeveer & Vandeveer,* for plaintiff.

*Abram Sapiro,* for defendant Pollack.

NORTH, J. The bill of complaint herein was filed for the purpose of securing an injunction against the defendant Morris Pollack restraining him from destroying or disturbing a side track extending from the main line of the Grand Trunk Railway Company into plaintiff's property. This property, used by plaintiff as a coal yard, is located at the corner of Warren and Lorraine avenues in the city of Detroit. The property of defendant Pollack lies north of plaintiff's property and is separated therefrom by a 19-foot alley extending from Lorraine avenue on the east to a north and south alley 10 feet in width on the westerly side of defendant's property. The siding as constructed crosses diagonally the 10-foot alley and the westerly end of the 19-foot alley, passing 4.6 feet west of the extreme southwest corner of defendant's property. For a number of years prior to the construction of the present siding plaintiff's property had been served by a siding which crossed both of these alleys and was located in part on defendant's property. The right to maintain this former siding was embodied in the lease held by plaintiff; but upon the expiration of this lease on June 1, 1929, the defendant destroyed that portion of the siding that

was located on his property. Evidently in anticipation of the loss of the former siding plaintiff applied to the city of Detroit and secured permission to have the present siding constructed and maintained. In pursuance of the permission thus obtained the siding was constructed by the Grand Trunk Railroad Company, and plaintiff's lessor, the owner of the fee, paid $625 therefor.

The defendant filed an answer denying any attempts or threats on his part to destroy the present siding. He also filed a cross-bill in which he made the city of Detroit a party defendant and prays that the plaintiff may be restrained from maintaining and operating this railroad siding in the public alleys adjacent to defendant's property, and also that the common council of the city of Detroit be required to rescind the resolution whereby permission was granted to construct the siding in question. The defendant Pollack asserts the right to the relief prayed on the ground that he was not notified of or in any way made a party to the proceeding before the common council whereby permission was granted to construct and maintain the siding, and that he has thereby been deprived of property rights without due process of law. On the other hand, the plaintiff asserts, and we think it has proved, that the construction and maintenance of this siding across these alleys is not such a use thereof as violates the property rights of defendant Pollack because it does not deprive him or those occupying his property of the full beneficial use of either of these alleys. While there was no satisfactory proof indicating the necessity therefor, evidently in the abundance of precaution, it was provided in the decree that cars should not be unloaded or stored upon this siding in the alley. With this provision in the

decree we are not at all impressed with Mr. Pollack's claim that the siding, which is planked so it is readily traversed, creates a condition which deprives him of fire protection for his property or of other reasonable use of the alleys in question.

It is asserted in the appellant's brief that there was no proof below from which the court could find that the defendant Pollack had threatened to injure or destroy the present siding. While there is no very satisfactory proof of this character, it does appear that he claims the ties and rails used in the siding are his individual property. Further, since by his cross-bill the defendant is in court seeking equitable relief, the question thus raised becomes of minor importance and is not controlling even on the matter of costs. As noted above, the railroad company constructed this new siding and at least in part it was paid for by plaintiff's lessor. It would seem that each of these is a necessary party. However, passing this phase of the case, we are satisfied from a review of the record that the city has adequate power to authorize this siding to be maintained in these alleys. The Constitution vests the city with reasonable control of its streets, alleys, and public places. Michigan Constitution, art. 8, § 28. See *Paul v. Detroit*, 32 Mich. 108, and *Roberts v. Detroit*, 241 Mich. 71. The decree of the lower court is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.